IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CRAIG CLEVELAND GALLOWAY, #1016143 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv97 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Craig Cleveland Galloway, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The Petitioner is challenging his Rusk County conviction for the offense of Murder. After a jury trial, the Petitioner was sentenced to fifteen years imprisonment on February 17, 1989. The Twelfth Court of Appeals affirmed the conviction on April 22, 1991. The Petitioner specified that the Texas Court of Criminal Appeals denied his petition for discretionary review on September 11, 1991. The Petitioner stated that he filed an application for a writ of habeas corpus in state court on February 26, 2004. The State argued that he had waited too long to challenge the conviction. The Texas Court of Criminal Appeals denied the application on August 25, 2004. *Ex parte Galloway*, No. WR-58,437-01 (Tex. Crim. App. Aug. 25, 2004), www.cca.courts.state.tx.us/opinions/case.asp?FilingID=224156.

The present petition for a writ of habeas corpus was filed on March 15, 2005. The Petitioner specified that he placed the petition in the prison mailing system on March 14, 2005. The petition is deemed filed on March 14, 2005, in accordance with the "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Petitioner raised the following grounds for relief:

1. Due Process violation due to misuse of Laches Doctrine.

2. Fundamental miscarriage of justice exception to the rule of state procedural bars to federal habeas corpus review.

    3.    Cause and prejudice in that his attorney's ineffectiveness caused his conviction to be unreliable.

    4.    Due Process, Family Code violation and ineffective assistance of counsel.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The Fifth Circuit discussed the approach that should be taken in applying the one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

In the present case, the Petitioner is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. The Texas Court of Criminal Appeals denied his petition for discretionary review on September 11, 1991. In interpreting § 2244(d)(1)(A) in light of Supreme Court rules, the Fifth Circuit has concluded that a state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Under Rule 13.1 of the Supreme Court Rules, the

Petitioner had ninety days from the refusal of his petition for discretionary review to file a petition for a writ of certiorari. *See also Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). The Texas Court of Criminal Appeals denied his petition for discretionary review on September 11, 1991. The conviction became final ninety days later, on December 10, 1991. Under a literal reading of AEDPA, the one year statute of limitations began running on December 10, 1991, and the present petition would have been time-barred before AEDPA was enacted. In *Flanagan*, the Fifth Circuit dealt with the problem of applying AEDPA retroactively. The Fifth Circuit noted that "habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Id.* at 200. The Court concluded that claims that "would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id.* Petitions filed on or before April 24, 1997 are timely. *Id.* at 202. An application pending in state court during the one year grace period will also toll the deadline of April 24, 1997. *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

In the present case, the petition had to be filed no later than April 24, 1997, in the absence of tolling provisions. The petition was not filed until March 14, 2005. It was filed almost eight years too late. The Petitioner did not file his state application until almost seven years after the present petition was time-barred, thus the pendency of the state application did not effectively toll the deadline. The Petitioner has not shown that any of the other provisions of § 2244(d) save his petition.

The petition raises two arguments why the case should still be considered: fundamental miscarriage of justice due to actual innocence and cause and prejudice due to his attorney's ineffectiveness. The Petitioner has made an equitable tolling argument. The Fifth Circuit has held that the one year limitations period is a statute of limitations, not a bar to federal jurisdiction, thus the limitations period can be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The basic principles of equitable tolling were discussed in *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000):

>we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards. *Id.* at 514. Other decisions by the Fifth Circuit held that inadequacies in a prison law library likewise do not provide a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). A prisoner is not entitled to equitable tolling for the seven week gap between the date he submitted a state petition for post-conviction relief to prison officials for mailing and the date the petition was stamped filed. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). The fact that a prisoner did not receive notice of the statute of limitations until 43 days after AEDPA's effective date did not warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Likewise, his confinement in a psychiatric ward for seventeen days on medication and without his glasses did not warrant equitable tolling. *Id.* Finally, a claim of actual innocence, standing alone, is not the type of "rare and exceptional" circumstance which would justify equitable tolling "given that many prisoners maintain that they are innocent." *Felder v. Johnson*, 204 F.3d at 171. *See also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). In light of *Felder* and *Cousin*, the Petitioner's actual innocence claim does not warrant equitable tolling. He also argued cause and prejudice in that he believes that his trial was unreliable due to his attorney's ineffectiveness. His argument did not, however, explain cause for his failure to timely file the present petition. He has not shown that he is entitled to equitable tolling. The petition should be dismissed as time-barred.

<u>Recommendation</u>

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and that case be dismissed with prejudice.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **14** day of **April, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE